STOKER, Judge,
concurring.
I fully concur in the holding by the majority in this case. I add the following thoughts. Assuming, without holding, that the clerk of court did not approve the bond in question and that notice should have been given appellant as required by Mennonite Board of Missions v. Adams, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983), appellant has shown no prejudice. The only consequence of failure of the clerk to approve the bond (assuming that he did not) and the failure to give appellant notice of the filing of the lien release bond, would be to deprive appellant of an opportunity to examine the bond for sufficiency and to determine the qualifications of the surety. The appellant has not alleged that St. Paul Fire & Marine Insurance Company was not good for the bond or that the amount was insufficient or that the bond was not proper in any other way. This being the case, it seems to me that arguments about the bond are merely technical complaints and that appellants suffered in no way. Absent any suggestion to the contrary, St. Paul stood good for the amount of appellant’s claims until prescription had run.